UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**GORDON REDELL YOUNG,**

    **Plaintiff,**

  v.                                                  Case No. 18-CV-39

**EMILY BOLZINSKI,**

    **Defendant.**

---

## SCREENING ORDER

---

Gordon Redell Young, who is confined at the Dodge Correctional Institution, is representing himself in this civil rights action under 42 U.S.C. §1983. This matter is before me to screen Young's amended complaint. Also before me are Young's request for restraining order and motions for appointment of counsel.

*1.    Screening Young's Amended Complaint*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In this case, Young was confined at the Brown County Jail at all times relevant. He alleges that he submitted a health service request to the jail's "HSU" stating that he had burning and discharge from his genitals, and that he was in severe pain and discomfort. A couple days later, he received a response signed by the defendant, Emily Bolzinski, stating that Young would be on the next available schedule to be seen. Young alleges that he was not seen for a month. He believes that Bolzinski did not take his request seriously and he states that he was left in pain and discomfort for a month. Young alleges that a month was an excessive amount of time to wait for the kind of pain he was enduring. For relief, he seeks $700,000.

Young's allegations that Bolzinski failed to treat his medical issues for over a month resulting in pain and suffering implicates his constitutional rights under the Eighth Amendment (if he was a convicted prisoner) or the Fourteenth Amendment (if he was a pretrial detainee). *See Daniel v. Cook Cnty.*, 833 F.3d 728, 733 (7th Cir. 2016); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994).

*2.	Request for a Restraining Order*

On March 5, 2018, Young filed a request for a restraining order against Bolzinski. (ECF No. 9.) He states that Bolzinski has taunted him and denied him medical attention since he filed this case. However, on March 14, 2018, Young notified the court that he transferred from the Brown County Jail to the Dodge Correctional Institution. There is no indication that Young will return to the jail. Therefore, his request for injunctive relief is moot. *See Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009).

*3.	Motions to Appoint Counsel*

Young has filed two motions to appoint counsel. (ECF Nos. 9, 11.) In a civil case, the court has discretion to decide whether to recruit an attorney for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the plaintiff has to make a reasonable effort to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). A plaintiff must provide the court with the names of the attorneys he contacted as well as the dates of contact and copies of any letters he received in response to the contact. After the plaintiff makes that reasonable attempt to hire counsel, the court then decides "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Young states that he has been searching for a lawyer to represent him but that he has not found one yet. It is not clear whether Young has actually contacted any attorneys.

3

Young should submit the names of at least three attorneys he has contacted in an attempt to find an attorney on his own and indicate the attorneys' responses.

Even if Young had made a reasonable attempt to find an attorney on his own, I would deny his motion. This is because Young is proceeding on a narrow claim against one defendant and he appears capable to litigating the case on his own at this stage of the proceedings. I will therefore deny without prejudice Young's motions to appoint counsel.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the United States Marshal to serve a copy of the amended complaint (ECF No. 10) and this order on defendant Emily Bolzinski pursuant to Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for either the Court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The Court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendant Bolzinski to file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that Young's motion to appoint counsel (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Young's motion for restraining order (ECF No. 9) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Young's motion to appoint counsel (ECF No. 11) is **DENIED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, under the Prisoner E-Filing Program, Young shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If Young is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The Court advises Young that, if he fails to file documents or take other required actions by the deadlines the Court sets, the Court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 27th day of March, 2018.

                            BY THE COURT:

                            *s/Nancy Joseph*
                            NANCY JOSEPH
                            United States Magistrate Judge