UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GORDON REDELL YOUNG,

    Plaintiff,

v.                                                        Case No. 18-C-39

EMILY BOLZINSKI,

    Defendant.

## ORDER

Plaintiff Gordon Redell Young, who is currently representing himself, filed this civil rights action alleging that Defendant Emily Bolzinski violated his constitutional rights. Presently before the court is Young's motion to appoint counsel. For the following reasons, the motion will be denied.

Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Yet, district courts have discretion to recruit attorneys to represent indigent parties in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). Noticeably absent from the list of factors *Pruitt* instructs district courts to consider in deciding such motions, but presumably not wholly irrelevant, are the merits and substance of the plaintiff's claims.

Under the *Pruitt* standard, Young has failed to demonstrate a need for court-recruited counsel. Young requests that the court recruit counsel due to the complications of a jury trial. But it is not enough to say that a lawyer might do a better job handling the case, since that would almost always be the case. Rather, the question is whether the plaintiff would be unable to coherently present the case to a judge or jury. Here, there is no indication in the record that Young's education or intelligence is limited. He has failed to provide the court with any information about his general competence. There is nothing in the record to suggest that Young does not have the same competence to represent himself as the vast number of *pro se* litigants who cannot afford to hire an attorney and are unable to convince one to take his case on a contingent fee basis.

In addition, this case is not complex. Young's claim appears to be a straightforward Eighth Amendment claim. He alleges Bolzinski was deliberately indifferent to his medical needs. The difficulty of this case—both factually and legally—does not exceed Young's capacity to represent himself. Accordingly, Young is not entitled to court-recruited counsel at this time. The court will give further consideration to Young's request for counsel as the case proceeds.

**IT IS THEREFORE ORDERED** that Young's motion to appoint counsel (ECF No. 24) is **DENIED**.

Dated this   4th   day of May, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
