UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GORDON REDELL YOUNG,

    Plaintiff,

v.                                                                  Case No. 18-C-39

EMILY BLOZINSKI,

    Defendant.

## DECISION AND ORDER

Plaintiff Gordon Redell Young, who is currently serving a state sentence at Fox Lake Correctional Institution and representing himself, filed this action under 42 U.S.C. § 1983, alleging that his civil rights were violated when he was held as a pretrial detainee at the Brown County Jail. In particular, Young claims Defendant Emily Blozinski, a nurse at the Jail, was deliberately indifferent to his serious medical needs by failing to timely respond to his request to receive treatment for his multiple sexually transmitted diseases (STDs). Currently before the court are the parties' cross-motions for summary judgment. For the following reasons, Blozinski's motion will be granted, Young's motion will be denied, and the case will be dismissed.

## BACKGROUND

Young was housed in the Brown County Jail at all times relevant to this case. Def.'s Proposed Findings of Fact (DPFOF) ¶ 4, ECF No. 37. The Jail contracts with Correct Care Solutions, Inc. to provide medical services to its inmates. Nurse Blozinski was employed by Correct Care Solutions and stationed at the Jail to respond to inmate requests for medical care.

On November 16, 2017, Young was booked into the Jail and jail staff completed a booking observation questionnaire that listed the medical conditions Young complained of. Although Young advised the booking officer that he suffered from STDs "years ago," he did not complain of current symptoms associated with STDs. *Id.* ¶ 23. On November 17 or 18, 2017,[1] Young submitted a medical request complaining of a burning sensation when he urinated and discharge from his genitals. Nurse Blozinski responded to the medical request on November 20, 2017, indicating that she placed him on the list to be seen at the next available appointment with the Health Services Unit.

Young submitted a second medical request on November 20, 2017, complaining of stomach pain and cramping. That same day, Young attended an appointment in the Health Services Unit with Nurse Gonzalez. While Young contends that he complained of STD-related symptoms during the examination, Gonzalez' treatment notes indicate that Young was solely assessed for his complaints of left-side abdominal pain related to a stab wound he had suffered before his incarceration. Gonzalez placed Young on "pain protocol" and prescribed Tums and Tylenol. An unidentified nurse later responded to Young's November 20, 2017 request, noting that he had been seen by HSU that day and was placed on "pain protocol." *Id.* ¶ 29.

Nurse Gonzalez examined Young on November 21, 2017, when she distributed medications in the cell block. On that day, as well, Gonzalez states that Young only complained about stomach pain, while Young contends he also complained of STD-related concerns. Gonzalez examined Young, believed he was suffering from gastroesophageal reflux disease (GERD), and tried to give Young additional Tums and Tylenol. Young refused the medication. On November 22, 2017,

---

[1] Although the initial request was not signed or dated, Young confirmed in a later inmate grievance form that he made the request on November 18, 2017.

2

nursing staff assessed Young after he complained of continued stomach pain and cramping. Again, Blozinski asserts Young only complained of stomach pain, though Young maintains he complained of STD-related symptoms. Nurse Denissen assessed Young's vitals, which were within the normal range, and provided additional antacids for his stomach issues. Young received prescriptions for Milk of Magnesia and docusate sodium to treat his GERD on November 23, 2017.

From November 23 through November 28, Young did not submit a written request for STD treatment. On November 28, 2017, medical staff performed a medical history and physical examination on Young. At that time, Young disclosed that he believed he was suffering from gonorrhea. Dr. Fatoki ordered Young to provide a urine sample to confirm whether he had any STDs. Young provided a specimen on December 5, 2017, and medical staff sent Young's sample to LabCorp, an off-site medical testing laboratory. On December 19, 2017, LabCorp sent Young's urinalysis results to the Jail, which confirmed he tested positive for chlamydia and gonorrhea. On December 20, 2017, Dr. Fatoki ordered Young to receive azithromycin tablets and a Ceftriaxone Solution injection to treat his STDs and prescribed a 7-day regimen of Ibuprofen for any pain Young experienced related to these symptoms. Young received this medication and the injection that same day. He did not submit any further medical requests related to his STDs after receiving his medication.

**ANALYSIS**

**A. Motions for Summary Judgment**

Summary judgment is appropriate when the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable

3

inferences that favor them in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. It imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm violates the Eighth Amendment. *Id.* at 828; *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). For purposes of § 1983, an employee of a private company under contract with the jail to provide the health care for inmates is acting under state law. *West v. Atkins*, 487 U.S. 42, 56 (1988).

This does not mean, however, that every claim by an inmate that he has not received adequate medical treatment states a violation of the Eighth Amendment. An inmate's claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that claim." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

For the purposes of summary judgment, Blozinski concedes that Young's STDs are objectively serious medical conditions. As a result, the court will address whether Blozinski was deliberately indifferent.

Deliberate indifference requires more than negligence or even gross negligence; it requires that the defendant knew of, yet disregarded, an excessive risk to Young's health or safety. *Farmer*, 511 U.S. at 835, 837; *see also Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016) ("A state officer is deliberately indifferent if he does nothing . . . or when he takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred."). It is not enough to show that the defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). The plaintiff must demonstrate that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the defendant actually drew that inference. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

In this case, it is important to note that the only defendant named by Young is Nurse Blozinski. Nurse Blozinski was not deliberately indifferent to Young's medical needs. Young submitted a health care request on either November 17 or 18, complaining of a burning sensation when he urinated and discharge from his genitals. Blozinski responded to the request on November 20, 2017, and told Young that he had been placed on the list to be seen at the next available appointment with the Health Services Unit. Young attended an appointment with Nurse Gonzalez that same day. Blozinski's response to Young's November 18 request for health care was appropriate. By promptly responding to Young's non-emergent health care request within two to three days of receiving it and informing Young that he was on the list to see Health Services Unit staff, Blozinski did not act with deliberate indifference. In addition, Young has not presented any

medical evidence that the delay between Young's submission of the health services request and the in-person examination conducted two to three days later detrimentally affected, unnecessarily prolonged, or exacerbated his pain. *See Williams v. Liefer*, 491 F.3d 710, 714–15 (7th Cir. 2007) ("In cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer 'verifying medical evidence' that the delay (rather than the inmate's underlying condition) caused some degree of harm." (citing cases)).

More importantly, Young has presented no evidence that the delay was Nurse Blozinski's fault. In response to his initial complaint of STD symptoms, Nurse Blozinski immediately placed Young on the list to be seen at the next available appointment with an HSU staff member. Nurse Gonzalez, who saw him on several occasions shortly thereafter for his stomach complaints, reported no further complaints of STD-type symptoms. From the record, it appears that Nurse Blozinski had no further involvement with Young's medical care.

Young apparently disagrees with Blozinski's decision to schedule him for an appointment with a nurse rather than a physician. But Young's disagreement with Blozinski's decision does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Young has offered no evidence that Blozinski's decision was "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision" on her medical judgment. *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (citation omitted). To the contrary, such decisions are inherent in the triage system of providing medical care that Blozinski describes in her declaration and under which all institutions operate.

Finally, to the extent Young argues that Blozinski was deliberately indifferent because medical staff delayed his treatment, his claim fails. Liability under § 1983 is based on a defendant's personal involvement in the constitutional violation. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). While a government employee is responsible for her own misdeeds, she is not responsible for anyone else's. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Blozinski only received one health care request from Young and promptly responded to that request. There is no evidence that Young made any further requests to Blozinski regarding his STDs after November 18, 2017 or that she was involved in any care or treatment decisions. Young has not shown that Blozinski was deliberately indifferent to his serious medical needs. Accordingly, Blozinski's motion for summary judgment will be granted.

**B. Motion to Seal**

Blozinski filed a motion to restrict access to the declaration of Ryan M. Wiesner and the attached exhibits to case participants. She contends that the exhibits contain Young's protected health information. Before sealing any part of the record, the court must make a determination of good cause. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999); Gen. L.R. 79(d)(3) (E.D. Wis.). The court recognizes Blozinski's concerns regarding the availability of Young's medical information in a public forum and concludes good causes exists to restrict these documents to case participants. Blozinski's motion is therefore granted.

## CONCLUSION

For the foregoing reasons, Young's motion for partial summary judgment (ECF No. 42) is **DENIED**, and Blozinski's motion for summary judgment (ECF No. 35) is **GRANTED**. Blozinski's

motion to restrict documents (ECF No. 38) is **GRANTED**. The Clerk is directed to enter judgment dismissing the case with prejudice.

**SO ORDERED** this  15th  day of October, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court